IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROY BERNARD MANSKER,<br><br>   Plaintiff,<br><br>  v.<br><br>DIVERSIFIED ADJUSTMENT<br>SERVICE, INC.,<br><br>   Defendant. | Case No. 17 C 2064<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the Defendant Diversified Adjustment Service, Inc., Partial Motion to Dismiss [ECF No. 21] is granted. Count IV of the Complaint is hereby dismissed without prejudice.

### I. BACKGROUND

Plaintiff Roy Bernard Mansker ("Mansker") brings this lawsuit against Defendant Diversified Adjustment Service, Inc. ("Diversified"), alleging that the company violated the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the automatic stay provision of the Bankruptcy Code when it attempted to collect a $927.23 debt from him. Mansker initially sued another party alongside Diversified but has since settled with that defendant. As a result of this settlement and a voluntary dismissal of a state-law claim,

Mansker's suit is now a three-count, one-Defendant action. Only Count IV – that for violation of the automatic stay – is the subject of the current Motion to Dismiss.

The automatic stay is a provision of the Bankruptcy Code that, as its name suggests, operates automatically upon a debtor filing for bankruptcy to stay (among other things) the collection of debts incurred before the filing. *See,* 11 U.S.C. § 362(a)(6) (specifying that a bankruptcy petition "operates as a stay, applicable to all entities, of – any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title"). Another section of the Bankruptcy Code, 11 U.S.C. § 362(k)(1), punishes violations of § 362(a)(6) by providing that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Mansker brings a claim under 11 U.S.C. § 362(k)(1), seeking all damages permitted under the section.

The claim is made possible by Mansker's bankruptcy, filed in February 2016, or more than a year before he brought suit in this court. *See, In re Mansker,* No. 16-BR-06972, Dkt. No. 1 (N.D. Ill. Feb. 29, 2016). As of the date of this writing, the bankruptcy is still ongoing, meaning that Mansker has yet to

receive a discharge from bankruptcy and the case has yet to close. Not incidentally, Mansker is represented by the same law firm in both the pending bankruptcy matter and the case before the Court.

The parties do not dispute these facts. What they contest is whether the Court has subject matter jurisdiction to hear the claim. Diversified argues that the Court does not, as the bankruptcy court exercises exclusive jurisdiction in the matter, and so moves to dismiss under FED. R. CIV. P. 12(b)(1).

## II. ANALYSIS

The Court concludes that it should grant Diversified the relief the company seeks and dismiss Count IV of the Complaint. This is because the claim has been referred to the bankruptcy court by operation of the local rules, and the Court declines to withdraw that reference to keep the cause of action before it. For the Court to make this ruling, however, it first needs to assure itself that, contrary to what Diversified has argued, it has subject matter jurisdiction over the claim.

### A. Sujbect Matter Jurisdiction

Although its argument ultimately fails, Diversified has plausible grounds for asserting that Mansker's claim "*must* be brought in the bankruptcy court." *E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d 117, 121 (2d Cir. 2001)

(emphasis in original). The Second Circuit has said as much, holding that "a federal claim under 11 U.S.C. § 362(h) . . . *must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *Id.* (The Court notes that some older cases referred to 11 U.S.C. § 362(h) when they discussed the cause of action now found at 11 U.S.C. § 362(k)(1). The subsections were renumbered in 2005, but the statutory text did not otherwise change. *Compare,* U.S.C. § 362 (2004), *with id.* (2005).) In addition, at least one bankruptcy court in this district has echoed *Eastern Equipment*. *See, In re Benalcazar,* 283 B.R. 514, 522 (Bankr. N.D. Ill. 2002) ("Although there are not many decisions dealing with the subject, it is generally accepted that only the bankruptcy court has authority to punish parties for violating the automatic stay.").

The issue, however, is one that has divided the circuits. In particular, both the Fourth and Eleventh Circuits have expressly disagreed with the Second Circuit's *Eastern Equipment* decision, while the Sixth Circuit, in an unpublished opinion, cited the case with approval. *See, Massey v. Bank of Edmondson Cty.,* 49 F. App'x 604, 606 (6th Cir. 2002) (relying on *Eastern Equipment* to affirm the district court's finding of lack of jurisdiction); *see also, Lynch v. Bulman,* No. 06-1018, 2007 U.S.

App. LEXIS 24210, at *7 n.5 (10th Cir. Oct. 15, 2007) (choosing "to affirm on a different basis" to avoid wading in on the circuit split).

The Eleventh Circuit issued the earlier of the two appellate decisions disagreeing with *Eastern Equipment*. In *Justice Cometh, Ltd. v. Lambert,* 426 F.3d 1342, 1343 n.2 (11th Cir. 2005), the Eleventh Circuit noted that *Eastern Equipment* "provides no explanation as to why [28 U.S.C.] § 1334 would not apply" to allow the district court to exercise jurisdiction. After all, 28 U.S.C. § 1334 gives the district court original jurisdiction over all cases "under Title 11," "arising under Title 11," or "arising in or related to cases under Title 11," *see,* 28 U.S.C. § 1334(a)-(b), and a claim alleging violation of the automatic stay arises in Title 11. *See,* 11 U.S.C. § 362.

The Eleventh Circuit ultimately held that the district court has jurisdiction over such claims. As the court stated, "the explicit § 1334 grant of original jurisdiction over Title 11 cases clearly forecloses a conclusion that the district court lacked subject matter jurisdiction." *Justice Cometh,* 426 F.3d at 1343. Significantly, the court cited *Price v. Rochford,* 947 F.2d 829, 832 n.1 (7th Cir. 1991), in support of its holding.

This is for good reason. The footnote from *Price* is the clearest indication from the Seventh Circuit that a district

court has subject matter jurisdiction over a claimed violation of an automatic stay. While the court had touched on the issue in an earlier opinion, it did not provide a definitive answer prior to *Price*. *See, Martin-Trigona v. Champion Fed. Sav. & Loan Asso.*, 892 F.2d 575, 577 (7th Cir. 1989) ("Here no more than in *Pettitt* need we decide whether the case should have been referred to a bankruptcy judge."); *see also, Pettitt v. Baker*, 876 F.2d 456, 458 (5th Cir. 1989) ("In reaching the conclusion that 11 U.S.C. § 362(h) creates a private right of action, we express no opinion regarding whether the present action was brought in the proper forum [when it was filed in the district court.]"). In *Price,* the court was still reticent, confining all it had to say on the matter to a footnote. Nonetheless, the footnote is dispositive for the issue of jurisdiction in this case, and the Court quotes it in full:

> A claim for damages under section 362(h) should probably have been referred to the bankruptcy court under Rule 35 of the United States District Court for the Central District of Illinois. Moreover, as a "core" proceeding, such a claim could be finally determined by a bankruptcy judge. 28 U.S.C. § 57(b)(2)(A) (1988); *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990) (proceeding is "core" if it invokes a substantive right provided by title 11) (citation omitted).
>
> None of the parties have questioned the propriety of bringing the case in the district court, however, and the defect is *not jurisdictional*. 28 U.S.C. § 1334(a) (1988) (district courts have original jurisdiction of

> all civil proceedings under the Bankruptcy Code). Moreover, after a bankruptcy is over, it may well be more appropriate to bring suit in district court, especially when other claims are attached.

*Price,* 947 F.2d at 832 n.1 (emphasis added).

The Seventh Circuit thus taught two things in this footnote: (1) a damages claim for a violation of the automatic stay should be referred to the bankruptcy court under the operation of the local rules; and (2) if, in error, it was not so referred, then still the failure is "not jurisdictional." *Id.* The first point is important for the discussion in the next section, and the Court puts it aside for now. But the second point is determinative for the question of subject matter jurisdiction here being examined. Succinctly put, the district court has jurisdiction – it may keep, hear, and adjudicate the claim to a final, appealable judgment even though the claim "should probably have been referred." *Id.* More fully, the district court has jurisdiction conferred by 28 U.S.C. § 1334(a) to hear a § 362(h) claim, and its jurisdiction is not divested merely because, by the operation of the local rules, the court should have referred the matter to a bankruptcy judge.

The Seventh Circuit's (admittedly submerged) holding from *Price* received full treatment in *Houck v. Substitute Tr. Servs.*, 791 F.3d 473 (4th Cir. 2015). In *Houck,* the Fourth Circuit laid

out the rationale for why an 11 U.S.C. § 362(k) claim can be heard in the district court. Like the Seventh Circuit in *Price* and the Eleventh Circuit in *Justice Cometh,* the court in *Houck* began with 28 U.S.C. § 1334, noting that the statute confers upon the district court the power to hear bankruptcy matters. *Id.* at 481. The court then took account of the fact that 28 U.S.C. § 157(a) permits district court judges to refer any such cases to bankruptcy judges of the same district. *Id.;* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). The court further acknowledged that the Western District of North Carolina, where the case originated, had a standing referral order in which "all bankruptcy matters were automatically referred to the bankruptcy judge." *Id.* at 482 (internal quotation marks omitted). This standing order mirrors the local rule in this district. *See,* N.D. Ill. L.R. 40.3.1.

None of these things, however, meant that the bankruptcy court had jurisdiction over bankruptcy matters "*to the exclusion of a district court.*" *Houck,* 791 F.3d at 481-83 (emphasis in original). As the Fourth Circuit explained, Section 157 is "little more than a traffic regulator," and its operation does

not "implicate questions of subject matter jurisdiction." *Id.* at 482 (quoting *Stern v. Marshall,* 564 U.S. 462, 480 (2011) for the proposition that "Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction."). As such, § 157 – and by extension, the local rules enacted pursuant to it – do not deprive the district court of the jurisdiction bestowed by 28 U.S.C. § 1334. *Id.* at 481-83. The Fourth Circuit thus concluded that "the district court had subject matter jurisdiction over Houck's § 362(k) claim." *Id.* at 483.

The Court, guided by *Houck* and controlled by *Price,* likewise finds that it has subject matter jurisdiction over Mansker's § 362(k) claim. Diversified's arguments to the contrary simply are not persuasive. First, Diversified seems to blur the line between the automatic stay and the bankruptcy discharge. In its briefs, the company cited a number of cases where district courts refused to hear complaints brought under 11 U.S.C. § 524, or the bankruptcy discharge provision. *See, e.g., Asufrin v. RoundPoint Mortg. Servicing Corp.,* No. 15 C 9077, 2016 U.S. Dist. LEXIS 34420, at *21 (N.D. Ill. Mar. 17, 2016) ("In this circuit, the sole remedy for a violation of § 524 is a contempt action brought in the bankruptcy court that issued the order of discharge.");

*Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 847 (N.D. Ill. 2017) ("[A] debtor cannot file suit directly in federal district court to enforce Section 524(a)(2)."). The uniformity of such cases is not surprising given the Seventh Circuit's unambiguous view on the matter. *See, Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) ("[A] suit for violation of section 524(c) can be brought only as a contempt action under section 524(a)(2) . . . in the bankruptcy court that issued [the debtor] his discharge.").

But the bankruptcy discharge is not the automatic stay. The discharge provision, as its name suggests, operates post-bankruptcy, after the debtor has been discharged. In contrast, the stay is operative while the bankruptcy is pending. *Compare,* 11 U.S.C. § 524(c), *with* 11 U.S.C. § 362(a); *see also,* 11 U.S.C. § 362(c) (providing that the stay continues "until the earliest of – the time the case is closed; the time the case is dismissed; or . . . the time a discharge is granted or denied"). Mansker has not received a bankruptcy discharge, and he does not bring a claim for violation of § 524. He brings a claim for violation of the automatic stay, and Diversified has made no argument that the Seventh Circuit would treat an automatic stay as it would a bankruptcy discharge. In fact, the company likely cannot do so

given what the court said in *Price*. The cases cited above thus are unhelpful for deciding the matter at hand.

More still, Diversified seems to confuse instances where courts have declined to hear cases as a matter of discretion with those where they have been unable to do so for lack of jurisdiction. For instance, the company cites *Cox v. Zale Del.*, No. 97 C 4464, 1998 U.S. Dist. LEXIS 10707, at *10-14 (N.D. Ill. July 9, 1998), on account of the fact that Judge Ruben Castillo in that case relinquished the claim brought under § 362, referring it instead to the bankruptcy court. The judge, however, made clear that he was doing so to economize on judicial resources. *See, id.* at *14 ("[W]e believe the better use of our district's ever-more scarce judicial resources requires that we also refer Count III to the bankruptcy court.") The judge thus dismissed the count "without prejudice to the refiling of these claims before the bankruptcy court" strictly as a matter of his "judicial discretion." *Id.* ("[I]n the exercise of our judicial discretion pursuant to Local Rule 2.33, we dismiss plaintiffs' alleged bankruptcy code violations contained in Counts I, II, and II without prejudice to the refiling of these claims before the bankruptcy court."). Likewise, in *Gagnon,* 563 B.R. 835 at 854, the court "decline[d] to exercise jurisdiction over Plaintiff's claim for violation of the automatic stay" because it did not

wish "to proceed on its own motion to withdraw the reference [to the bankruptcy court]." *Id.* The court's decision leaves no doubt that it did not lack the power to withdraw the reference to hear the case itself, merely that it chose not to do so.

In sum, Diversified's reliance on the aforementioned cases is misplaced. The Court places no weight on them and, in following the statutory command and relevant case law, concludes instead that it may exercise jurisdiction to hear Mansker's claim. *See,* 28 U.S.C. § 1334; *Price,* 947 F.2d at 832 n.1; *Houck*, 791 F.3d at 483; *Justice Cometh,* 426 F.3d at 1343; *Wallis v. Levine,* No. 12 C 5285, 2013 U.S. Dist. LEXIS 470, at *16-18 (N.D. Ill. Jan. 2, 2013) (ruling that because the plaintiff's "claims regarding alleged breaches of the automatic stay are thoroughly intertwined with his RICO and civil rights claims . . . jurisdiction over Wallis's claims is proper in this court").

**B. Referral to the Bankruptcy Court**

The Court's finding that it has subject matter jurisdiction over the alleged violation of the bankruptcy stay does not dispose of Diversified's Motion to Dismiss. This is because, as the Court reads the relevant local rule, Mansker's claim is automatically referred to the bankruptcy court upon the filing of his Complaint. *See,* N.D. Ill. Loc. R 40.3.1 ("Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 U.S.C. and all

proceedings arising under Title 11 U.S.C. or arising in or related to any cases under Title 11 U.S.C. are referred to the bankruptcy judges of this District."). Because the claim is already referred, if the Court wants to keep the matter in front of it, it must withdraw the reference. *See, Home Ins. Co. v. Adco Oil Co.,* 154 F.3d 739, 741 (7th Cir. 1998) ("A district judge should not hear as an original matter any part of a bankruptcy case it has referred to a bankruptcy judge without first withdrawing the reference. . . .").

Mansker has moved to withdraw the reference himself. *See,* Hr'g. Tr. (May 2, 2017) at 46:10-24 ("We can simply withdraw the reference and your Honor can hear that count.); *id.* at 46:20-23 ("So it just seems to be most prudent, if we withdraw the reference to the bankruptcy court. . . ."). In so doing, he at least concedes that the claim has been referred to the bankruptcy court, as there would be no need to withdraw anything otherwise. Unfortunately for Mansker, his offer to withdraw alone is not enough to claw back the claim.

Indeed, a stringent standard governs the withdrawal of matters from the bankruptcy court. First, under the relevant statute, the Court may withdraw a reference only "for cause shown." 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this

section, on its own motion or on timely motion of any party, for cause shown."). Second, while the statute does not specify what cause must be shown, the courts agree that the consideration of a number of factors is appropriate. *See, In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992) (listing the factors to be considered). The most important factor, however, is whether the claim sought to be withdrawn is a core or non-core bankruptcy matter. *In re K&R Express Sys.*, 382 B.R. 443, 446-47 (N.D. Ill. 2007) ("[T]he most important factor [in the 'for cause' analysis] is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it."). The party seeking the withdrawal – here, Mansker – bears the burden of convincing the Court that withdrawal is proper. *Id.*

While the Court exercises broad discretion in determining whether Mansker has met this burden, it must keep in mind that "withdrawal is the exception, rather than the rule." *Id.* Simply put, "[w]ithdrawal of a reference is not intended to be an escape hatch from the bankruptcy to district court." *In re HA 2003, Inc.*, No. 03 C 9008, 2004 U.S. Dist. LEXIS 4674, at *4-5 (N.D. Ill. Mar. 22, 2004) (internal quotation marks omitted). Because "Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy courts," withdrawal is appropriate

in "only a limited number of circumstances" where judgment in the district court is "essential to preserve a higher interest." *Id.* (internal quotation marks omitted).

Given the strict standard for withdrawal and the facts of this case, the Court cannot withdraw Mansker's claim from the bankruptcy court. For one, Mansker's claim for an alleged violation of the automatic stay is a core bankruptcy claim. Since the Bankruptcy Code – 11 U.S.C. § 362(a) and § 362(k)(1), to be precise – is the source of both Mansker's right and his remedy, his claim arises under the Bankruptcy Code "in the strong sense." *In re United States Brass Corp.*, 110 F. 3d 1261, 1268 (7th Cir. 1997) ("Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law[.]"). It is for this reason that courts in this district uniformly hold violations of the automatic stay to be core proceedings. *See, e.g., Divane v. A & C Elec. Co.*, 193 B.R. 856, 862 (N.D. Ill. 1996) ("Because the automatic stay is so integral to the very operation of the bankruptcy laws, without question a proceeding to prosecute a violation of the

automatic stay is a core proceeding.") (internal citations, alterations and quotation marks omitted).

The fact that the claim belongs in a core bankruptcy proceeding – the most important factor in the "for cause" analysis – cuts strongly against withdrawing the reference. After all, the Court would be withdrawing the claim from the court that has the most expertise over the matter and, in this case, from a judge who has presided over the case for almost a year and a half at this point. This does not appear to the Court to be an efficient use of judicial resources. *See, In re Conseco Fin. Corp.*, 324 B.R. 50, 54 (N.D. Ill. 2005) ("[H]earing core matters in a district court raises a material risk of inefficient allocation of judicial resources.") (internal quotation marks omitted). Moreover, that Mansker should want to withdraw a core bankruptcy claim from the bankruptcy court raises the specter of forum shopping. *See, id.* at 55 (recognizing the "risk of manipulation and forum shopping").

For another, the Court is not convinced that concerns about judicial economy – the only ground Mansker has advanced for withdrawal – justify keeping this claim in the district court. In particular, Mansker argues that because this is a three-count Complaint, denying withdrawal would have the effect of splitting up the claims and so "waste time and judicial resources." ECF

No. 27 at 1. However, the mere fact that there are other claims in the case is not enough to keep the alleged violation of the automatic stay in the district court. In *Price,* for instance, the Seventh Circuit indicated that the automatic stay violation should have been referred to the bankruptcy court even though the claim was coupled with a civil rights complaint. *See, Price,* 947 F.2d at 830, 832 n.1.

Furthermore, in circumstances even more favorable to withdrawal than those found in Mansker's case, the request to withdraw has been denied. In *McFarland v. Bass & Assocs., P.C.,* No. 97 C 3944, 1997 U.S. Dist. LEXIS 17869, at *4-5 (N.D. Ill. Nov. 4, 1997), the plaintiff McFarland sued multiple defendants, alleging violations of the automatic stay, the FDCPA, and various other statutes. McFarland's case thus was more complicated than Mansker's, as it involved both more causes of actions and more parties. In addition, McFarland, unlike Mansker, had been discharged from bankruptcy, which meant that her bankruptcy case might have needed to be reopened to adjudicate any new claims brought. Yet despite these facts suggesting that it might have saved time and resources to keep McFarland's entire case in the district court, the judge nonetheless found that the violation of automatic stay claim was "more appropriately resolved in the bankruptcy court." *Id.* at

*7.  In reaching this decision, the court was persuaded not only by the core nature of the claim, but also by the fact that "[w]hether the defendants have violated the Fair Debt . . . statute[] do[es] not affect whether the Bankruptcy Code has been violated." *Id.* at *7-8.  The potential saving in resources was thus not substantial, and ultimately not enough to grant withdrawal.  *Id.* at *7.

Mansker stands in even worse stead than McFarland.  Here, his case is still pending in the bankruptcy court.  The bankruptcy judge thus can readily hear his claim.  *Cf. Price*, 947 F.2d at 832 n.1 (noting that "*after* a bankruptcy is over, it may well be more appropriate to bring suit in district court") (emphasis added).  Furthermore, Mansker is represented by the same law firm in both this case and the bankruptcy proceeding, meaning that any discovery he obtains will be handled by the same firm and so easily can be used in both cases (assuming that the parties agree).  The risk of any duplicative discovery is thus minimal.  Finally, even if the "for cause" analysis "cuts both ways in roughly equal proportions," the Court would still need to deny Mansker's Motion.  *See, Gecker v. Marathon Fin. Ins. Co., RRG,* 391 B.R. 613, 616 (N.D. Ill. 2008) ("Logic and precedent dictate that such a determination should lead to denial of Marathon's motion, given the presumption against

permissive withdrawal and the burden on Marathon to overcome that presumption."). Denial is all the more appropriate when the analysis cuts against withdrawal in greater than equal proportions.

In sum, Mansker falls short of carrying his burden to show that his claim should be withdrawn from the bankruptcy court. As such, the claim is properly before that court and should be dismissed here.

### III. CONCLUSION

For the reasons stated herein, the Court finds that it has subject matter jurisdiction over Count IV of the Complaint. However, it declines to withdraw the referral to the bankruptcy court and so dismisses the claim as an exercise of its discretion. The dismissal is without prejudice to refiling in the bankruptcy court.

**IT IS SO ORDERED.**

                                  Harry D. Leinenweber, Judge
                                  United States District Court

Dated: July 7, 2017